Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, Pro Se' <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN CORADIUS INTERNATIONAL, LLC <br><br><br> Defendant. | Case No.  11-CV-1575 PSG SPx <br><br><br> ANSWER OF AMERICAN CORADIUS INTERNATIONAL, LLC TO COMPLAINT |

Defendant, American Coradius International, LLC (hereinafter "ACI"), for itself alone, responds to the Complaint filed by Plaintiff, Deon L. Thomas ("Plaintiff"), as follows:

///

///

1. ACI admits that Plaintiff purports to seek redress for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but ACI denies any wrongdoing or liability to the extent alleged in ¶ 1.

## PRELIMINARY STATEMENT

2. ACI admits that Plaintiff seeks damages for alleged violations of the FCRA as alleged in ¶ 2 of the Complaint, but ACI denies any liability or wrongdoing and denies Plaintiff is entitled to damages from ACI in any amount whatsoever. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 2.

## JURISDICTION

3. ACI admits the allegations contained in ¶ 3 of the Complaint for jurisdiction purposes only.

4. ACI lacks sufficient information to answer the allegations contained in ¶ 4 of the Complaint, and based thereon denies the same.

## VENUE

5. ACI lacks sufficient information to answer the allegations contained in ¶ 5 of the Complaint, and based thereon denies the same.

6. ACI admits the allegations contained in ¶ 6 of the Complaint for jurisdiction and venue purposes only.

## PARTIES

7.  ACI lacks sufficient information to answer the allegations contained in ¶ 7 of the Complaint, and based thereon denies the same.

8.  ACI admits it is a Delaware corporation with an office located at the address stated in ¶ 8 of the Complaint.

## FACTUAL ALLEGATION

9.  ACI lacks sufficient information to answer the allegations contained in ¶ 9 of the Complaint, and based thereon denies the same.

10. ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2011. ACI further admits its account records reflect that ACI obtained Plaintiff's credit report in connection with placement of Plaintiff's account for collection. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 10.

11. ACI denies it violated the FCRA. ACI lacks sufficient information to answer the remaining allegations contained in ¶ 11 of the Complaint, and based thereon denies the same.

12. ACI denies the allegations contained in ¶ 12 of the Complaint.

13. ACI denies the allegations contained in ¶ 13 of the Complaint.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT ACI

14.   ACI incorporates its responses to paragraphs 1-13 as though fully set forth herein.

15.   In response to ¶ 15 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

16.   In response to ¶ 16 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

17.   In response to ¶ 17 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

18.   In response to ¶ 18 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

19.   In response to ¶ 19 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

20.   ACI admits the allegations contained in ¶ 20, except the allegation that Plaintiff "never had . . . any accounts with" ACI.  SST placed an account in Plaintiff's name with ACI for collection and thus ACI denies the cited allegation.

21.     In response to ¶ 21 of the Complaint, ACI avers that SST's placement of Plaintiff's account with ACI for collection provided ACI with a permissible purpose to obtain Plaintiff's credit report.  ACI refers all matters of law to the Court. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 21 of the Complaint.

22.     In response to ¶ 22 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

23.     In response to ¶ 23 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.  ACI further avers that SST's placement of Plaintiff's accounts with ACI for collection provided ACI with a permissible purpose to obtain Plaintiff's credit report.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 23 of the Complaint.

24.     ACI admits its account records reflect that ACI obtained Plaintiff's credit report on or about March 8, 2011 in connection with collection of the account that SST placed with ACI for collection.  ACI avers the cited statute speaks for itself and refers all matters of law to the Court.  ACI further avers that SST's placement of Plaintiff's accounts with ACI for collection provided ACI with a permissible purpose to obtain Plaintiff's credit report.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 24 of the Complaint.

25. ACI denies the allegations contained in ¶ 25 of the Complaint and further specifically denies Plaintiff is entitled to damages in any amount whatsoever.

## Count II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT ACI

26. ACI incorporates its responses to paragraphs 1-25 as though fully set forth herein.

27. In response to ¶ 27 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

28. In response to ¶ 28 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

29. In response to ¶ 29 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

30. In response to ¶ 30 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

31. In response to ¶ 31 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court.

32. In response to ¶ 32 of the Complaint, ACI avers the cited statute speaks for itself and refers all matters of law to the Court. ACI further avers that SST's placement of Plaintiff's accounts with ACI for collection provided ACI with a permissible purpose to obtain Plaintiff's credit report. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 32 of the Complaint.

33. ACI denies the allegations contained in ¶ 33 of the Complaint and further specifically denies Plaintiff is entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

ACI alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

ACI alleges Plaintiff consented to and/or invited the conduct for which he seeks relief.

### THIRD AFFIRMATIVE DEFENSE

ACI alleges Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

WHEREFORE, ACI respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of ACI;

3. ACI be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. ACI be granted such other and further relief as the Court deems just and proper.

Dated: 12/6/11          SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
American Coradius International, LLC