*Lodged Proposed Order*
*Lodged 1st Amended Complaint*

Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

FILED
2012 FEB 13 PM 1:08
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas Pro Se'
Plaintiff

V.

American Coradius International, LLC;

STEPHEN J. MOELLER,
individually and Director of
Corporate Compliance of
American Coradius International, LLC
Does 1 through 10
Defendants

Case No: EDCV11-1575 PSG (SPx)

REQUEST FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT

Judge: Philip S. Gutierrez

## REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

1.

Plaintiff will, and hereby, move for an order granting Plaintiff leave to file its First Amended Complaint and ordering that the First Amended Complaint submitted with this motion be deemed filed.

1

2.  The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and Plaintiff First Amended Complaint filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

3.  Due to the substantial re-formatting of the First Amended Complaint, Plaintiff requests not to provide a red-lined version of the original Complaint.

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**
2 | **I. INTRODUCTION**
3 | 4.   Through this motion, Plaintiff seeks leave to file its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff's First Amended Complaint, attached hereto as Exhibit A, adds factual allegations of violations by American Coradius International, (hereinafter "ACI"), and STEPHEN J. MOELLER (hereinafter "MOELLER"), of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692 et seq. and California Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq., (hereinafter "ROSENTHAL"), relating to Plaintiff previously asserted claims. The Plaintiff claim is based on information and belief that he has discovered since the filing of its original complaint.

5.   Plaintiff's First Amended Complaint is timely, and does not cause any prejudice to ACI, and should be permitted.

**II. STATEMENT OF FACTS**

6.   Plaintiff filed his initial lawsuit on October 11, 2011. ACI answered Plaintiff's complaint on December 6, 2011. The Plaintiff has reserved his rights to amend pleadings and add parties, Defendant agreed during our meet and confer about case management on January 19, 2012. As of to date the courts has not ordered a cut-off to amend pleadings and add parties.

7.   There is a Scheduling and Case Management Order on March 12, 2012 at 2:00pm, with Honorable Judge Philip S. Gutierrez.

8.   Plaintiff has discovered additional information and violations from communications from ACI by and through MOELLER, necessitating the filing of this First Amended Complaint. Plaintiff's contacted ACI counsel to seek written stipulation to the amendment pursuant to Federal Rule of Civil Procedure 15.

9.     However, ACI has not consented to the filing of this First Amended Complaint as of the time of this filing. Accordingly, Plaintiff seeks an order permitting Plaintiff to file this proposed First Amended Complaint.

## III. ARGUMENT

### A. Leave Should Be Granted To Amend the Complaint.

#### 1. Leave Is Freely Granted.

10.    Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCDPrograms, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 19990). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave

to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

**B. Amendment Should Be Permitted.**

11. Plaintiff's First Amended Complaint is timely and should be allowed. The Plaintiff has reserved his rights to amend pleadings and add parties, Defendant agreed during our meet and confer about case management on January 19, 2012. As of to date the courts has not ordered a cut-off to amend pleadings and add parties. This motion is being filed prior to any deadlines ordered by this court. Furthermore, Plaintiff falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'").

12. ACI will not be prejudiced by an order granting leave to file Plaintiff's First Amended Complaint. Moreover, Plaintiff offers its First Amended Complaint in good faith and without undue delay. Since filing its original complaint, Plaintiff has discovered new violations and information regarding ACI and Moeller communications with Plaintiff.

13. These asserted violations supports Plaintiff's new claim under the FDCPA and Rosenthal as well as Plaintiff's assertion of additional details in support of its previously asserted claims. See *Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

14. In sum, Plaintiff's First Amended Complaint was filed timely and in good faith, contains claims similar to those originally asserted and does not prejudice ACI in

any way. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, Plaintiff's motion for leave should be granted.

## IV. CONCLUSION

15.  For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the proposed First Amended Complaint.

DATED: February 13, 2012

Respectfully Submitted,

Plaintiff

*/s/ Deon L. Thomas*

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

# CERTIFICATE OF SERVICE

I, Deon L. Thomas, do hereby certify that on February 13, 2012, a copy of the forgoing document was sent via U.S. Mail to:

American Coradius International, LLC
2420 Sweet Home Road, Suite 150
Amherst, NY 14228

Stephen J. Moeller
2420 Sweet Home Road, Suite 150
Amherst, NY 14228