1  Debbie P. Kirkpatrick, Esq. (SBN 207112)
2  Albert R. Limberg, Esq. (SBN 211110)
   SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3  1545 Hotel Circle South, Suite 150
4  San Diego, CA  92108-3426
   Tel:   619/758-1891
5  Fax:   619/296-2013
6  dkirkpatrick@sessions-law.biz
7  alimberg@sessions-law.biz

8  Attorney for American Coradius International, LLC
9

10              UNITED STATES DISTRICT COURT
11            CENTRAL  DISTRICT OF CALIFORNIA
12

13  DEON L. THOMAS, Pro Se,          )  Case No.  11-CV-1575 PSG SPx
                                     )
14              Plaintiff,           )
                                     )
15                                   )  OPPOSITION OF DEFENDANT
         vs.                         )  AMERICAN CORADIUS
16                                   )  INTERNATIONAL, LLC TO
17  AMERICAN CORADIUS                )  PLAINTIFF'S REQUEST FOR
18  INTERNATIONAL, LLC,              )  LEAVE TO FILE FIRST AMENDED
                                     )  COMPLAINT
19                                   )
              Defendant.             )
20  _____)

21

22       Defendant, American Coradius International, LLC (hereinafter "ACI"),

23  submits the following memorandum in opposition to Plaintiff's Request for Leave

24  to File First Amended Complaint.
25

26

27

28

## I.   INTRODUCTION

Plaintiff proposes to amend his Complaint to add a new defendant, ACI's Director of Corporate Compliance Stephen J. Moeller, and new causes of action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788, *et seq.*  Plaintiff's request for leave to amend should be denied because the amendment is futile due to Plaintiff's inability to state a claim on the proposed new causes of action.

## II.   STATEMENT OF FACTS/PROCEDURAL HISTORY

Plaintiff's Complaint was filed on October 11, 2011.[1]   The original Complaint named ACI as the only defendant and asserted a single cause of action for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*   The Complaint is based on Plaintiff's contention that on August 19, 2011 he discovered ACI had made an inquiry on his credit report on March 8, 2010.[2]   No other debt collection activity is alleged.

On February 13, 2012, Plaintiff filed the instant request seeking to file a First Amended Complaint.   Plaintiff contends he "discovered additional

---

[1]  *See* Docket No. 4.
[2]  *See* Docket No. 4, ¶ 9-10.

information and violations from communications from ACI by and through MOELLER" which necessitates the filing of the First Amended Complaint.[3]

The proposed First Amended Complaint contains the following additional factual allegations not present in the original Complaint: 1) on or about September 9, 2011, Plaintiff sent a "cease and desist and demand for validation" letter to ACI,[4] 2) ACI received Plaintiff's letter on September 12, 2011,[5] and 3) Moeller sent Plaintiff a letter in an envelope dated September 13, 2011 which did not provide validation of the debt and which contained the words: "This is an attempt to collect a debt and any information obtained will be used for that purpose."[6] Notably, each of these added facts pre-dates the October 11, 2011 filing date of the original complaint.

An initial status conference is scheduled in this case for March 12, 2012.[7]

///

///

///

---

[3] *See* Docket No. 14, ¶ 8.

[4] *See* Proposed First Amended Complaint, ¶ 25.

[5] *Id.*

[6] *See* Proposed First Amended Complaint, ¶ 27.

[7] *See* Docket No. 13.

# III.   LAW AND ARGUMENT

## A.    The Court Has Discretion To Deny Plaintiff's Motion

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be granted "when justice so requires."  Granting or denial of leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  Although Rule 15 is construed liberally, amendments seeking to add parties are granted less freely than amendments seeking to add new claims against existing parties.  *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069 (6th Cir. 1995).   Moreover, leave to amend is properly denied if the proposed amendment is futile.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## B. Plaintiffs' Proposed Amendment Is Futile

Futility justifies the Court's exercise of its discretion to deny Plaintiff leave to amend because the new causes of action are barred by the applicable statute of limitations.   Leave to amend is properly denied if the proposed amendment is futile.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *FDIC v. Conner*, 20 F.3d 1376, 1385  (5th Cir. 1994)(amendment is futile if statute of limitations has run);  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2nd Cir. 2001)(leave

properly denied where proposed claim "could not withstand an inevitable motion for summary judgment"); *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006)(in assessing "futility" court applies the same standard governing motions to dismiss under Rule 12(b)(6)).  Both the FDCPA and Rosenthal Act causes of action Plaintiff seeks leave to add are barred by the statute of limitations and leave to amend should therefore be denied.

A one year statute of limitations period applies to claims under the FDCPA and Rosenthal Act.  *See* 15 U.S.C. 1692 § 1692k(d); Cal. Civ. Code 1788.30(f).  An FDCPA cause of action accrues on "the date of the violation," not the date that a plaintiff discovers the misconduct.  15 U.S.C. § 1692k(d).   For example, a cause of action arising from misrepresentations in a demand letter accrues on the date of mailing, not the date of receipt.  *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992).  This one-year limitations period is jurisdictional; if an action is brought more than one year after the date of the violation, the court has no jurisdiction to hear it.  *Mattson*, 967 F.2d at 262.  Similarly, the Rosenthal Act cause of action accrues on "the date of the occurrence of the violation."  Cal. Civ. Code § 1788.30(f).

Plaintiff has not alleged *any* facts which could reasonably be interpreted as showing ACI undertook debt collection activity within the one-year period prior to

the filing of his original Complaint on October 11, 2011.  Moreover, Plaintiff cannot overcome this deficiency through further amendment of the Complaint given the history of ACI's collection activity relating to his account which is summarized as follows:.

An account in Plaintiff's name was placed with ACI for collection on March 8, 2010.[8] ACI made an inquiry on Plaintiff's credit report on or about March 8, 2010 in connection with placement of the account with ACI for collection.[9] Thereafter, ACI undertook efforts to collect the debt in the ordinary course of business until September 12, 2010, at which point the account was recalled from ACI by the creditor.[10]  ACI undertook no further efforts to collect the debt after September 12, 2010.[11]

On or about September 12, <u>2011</u>, ACI received a letter from Plaintiff dated September 9, 2011 concerning the March 8, 2010 credit inquiry.[12]  ACI responded by letter dated September 12, 2011.[13]  ACI's letter stated, in pertinent part:

---

[8] *See* Declaration of Stephen J. Moeller ("Moeller Decl."), ¶ 4.

[9] *See* Moeller Decl., ¶ 5.

[10] *See* Moeller Decl., ¶ 6.

[11] *See* Moeller Decl., ¶ 7.

[12] *See* Moeller Decl., ¶ 8, Exhibit A.

[13] *See* Moeller Decl., ¶ 9, Exhibit B.

Opposition of Defendant American Coradius International, LLC
to Plaintiff's Request for Leave to File First Amended Complaint

6

American Coradius International received correspondence from you regarding an inquiry on your Trans Union credit report. Our inquiry was in direct relation to an account placed in our office for collection by our client, SYSTEMS AND SERVICES TECHNOLOGIES. Finally, our client recalled this account from our office in September 2010. We are no longer the collection agency assigned to recover this debt. All future questions regarding this account should be directed to them.

ACI's letter was sent in response to Plaintiff's September 9, 2011 letter and for no other purpose.[14]   Although the bottom of the letter contains the proviso that the communication is from a debt collector, the substance of the letter cannot reasonably be construed as an effort to collect a debt from Plaintiff.

Since ACI's debt collection activity ceased in September 2010 – more than 1 year prior to the original filing date of Plaintiff's Complaint on October 11, 2011 – claims under the FDCPA and Rosenthal Act relating to ACI's collection activity are time barred. Given the fact these claims are time barred, justice does *not* require that Plaintiff be granted leave to amend the Complaint to assert these claims. Plaintiff's request for leave to amend should therefore be denied.

///

///

///

---

[14] *See* Moeller Decl., ¶ 10.

## III.   CONCLUSION

Based on the foregoing the Court should deny with prejudice Plaintiff's request for leave to the file the First Amended Complaint.

Dated: 2/23/12               SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP

_/s/Debbie P. Kirkpatrick_
Debbie P. Kirkpatrick
Counsel for Defendants
American Coradius International, LLC