# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge   *Philip S. Gutierrez*

From: *Andres Pedro* _____, Deputy Clerk   Date Received: *2/13/2012*

Case No: *DCV 12-1575-PSG*   Case Title: *Dean Thomas V American Coradios*

Document Entitled: *First Amended Complaint; Proposed Order*

---

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ Local Rule 11-3.1 | Document not legible | |
| ☐ Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers and email address | |
| ☐ Local Rule 11-4.1 | No copy provided for judge | |
| ☐ Local Rule 19-1 | Complaint/Petition includes more than ten (10) Does or fictitiously named parties | |
| ☐ Local Rule 15-1 | Proposed amended pleading not under separate cover | |
| ☐ Local Rule 11-6 | Memorandum/brief exceeds 25 pages | |
| ☐ Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents | |
| ☐ Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies | |
| ☐ Local Rule 6.1 | Written notice of motion lacking or timeliness of notice incorrect | |
| ☐ Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment | |
| ☐ Local Rule 56-2 | Statement of genuine disputes of material fact lacking | |
| ☐ Local Rule 7-19.1 | Notice to other parties of ex parte application lacking | |
| ☐ Local Rule 16-7 | Pretrial conference order not signed by all counsel | |
| ☐ FRCvP Rule 5(d) | No proof of service attached to document(s) | |
| ☐ General Order 08-02 | Case is designated for electronic filing | |

☑ Other: *Incorrect Address attached to Certificate of Service.*
*Opposing Party has not been served. A stipulation may be filed*
*if opposing counsel approves.*

**FILED**

**FEB 23 2012**

**Note:  Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.**

---

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐  The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____     _____
Date                                            U.S. District Judge / U.S. Magistrate Judge

☑  The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

*2/23/12*                          _____
Date                                            U.S. District Judge / U.S. Magistrate Judge

---

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE      COPY 2 -JUDGE      COPY 3 -SIGNED & RETURNED TO FILER      COPY 4 -FILER RECEIPT**

LODGED

2012 FEB 13 PM 1:09

Deon L. Thomas, Pro Se
14626 Red Gum Street
Moreno Valley, CA 92555
Dlthomas32@gmail.com
951-413-9071

FEB 2 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Deon L. Thomas,  Pro Se ) | Case No: EDCV11-1575 PSG (SPx) |
| Plaintiff ) | **FIRST AMENDED COMPLAINT** |
| V. ) |  |
| American Coradius International, ) | **Violations of:** |
| LLC; ) |  |
| STEPHEN J. MOELLER, ) | **Fair Credit Reporting Act 15 U.S.C. §** |
| individually and Director of ) | **1681 et seq.** |
| Corporate Compliance of ) | **Fair Debt Collection Practice Act 15** |
| American Coradius International, ) | **U.S.C. §1692** |
| LLC ) | **California Rosenthal Debt Collection** |
|  | **Practice Act; California Civil Code §** |
| Does 1 through 10 | **1788 et seq.** |
| Defendants |  |

FEB 1 3 2012

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

**DEMAND TRIAL BY JURY**

## INTRODUCTION

**Comes now the** Plaintiff Deon L. Thomas ("hereinafter Plaintiff") :

1.       Plaintiff contends he had discovered additional information and violation concerning

American Coradius International, LLC ("hereinafter ACI or "Defendants"),  and STEPHEN J.

MOELLER ( hereinafter "MOELLER" or "Defendants"), and submit this First Amended Complaint as to these parties concerning Claims that arises out of violations of the Fair Debt Collection Practices Act("hereinafter FDCPA") 15 U.S.C. § 1692 et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq. (hereinafter "ROSENTHAL"), also violation Fair Credit Reporting Act ("hereinafter FCRA") 15 U.S.C. §§ 1681 et seq., by and through ACI remains the same.

2.      Plaintiff brings this lawsuit to challenge the actions and inactions of Defendants, with regards to their attempts to unlawfully and abusively collect a nonexistent, allegedly owed debt by Plaintiff, and the conduct of each has caused Plaintiff to suffer damages.

3.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.  Unless otherwise stated, the conduct engaged in by Defendants took place in California.

5.      All actions of Defendants constituting violations as alleged were carried out knowingly, willfully, and with intent, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## PRELIMINARY STATEMENT

6.      This is an action for damages; damages for violation of the FCRA; damages for violation of the FDCPA; damages for violation of ROSENTHAL.

## JURISDICTION and VENUE

7.      Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regards to the amount in controversy", 15 U.S C. §1681p, 28 U.S.C § 1367, District courts shall have supplemental jurisdiction. Amount not to exceed $15,000.00.

8.      Venue is proper pursuant to 28 U.S.C. § 1391.

9.      The venue is proper in this District because the act occurred in this district and Plaintiff resides in this district.

10.     Venue is proper, and at all times relevant, because Defendants conducted business within this District, and Defendants collection communications of the nonexistent debt occurred and were received by Plaintiff in this District.

*11.*      Thus, establishing proper venue and jurisdiction of this honorable court.

## PARTIES

12.      Plaintiff is a natural person and a resident of State of California, County of Riverside. This is an action for damages brought by "consumer" as defined in 15 U.S.C. § 1692a(3) and a "debtor" as defined in Cal. Civil Code § 1788.2(h).

13.      The Defendants in this lawsuit are as follows:

1.      ACI is a Delaware Corporation, form unknown, with office at 2420 Sweet Home Road, Suite 150, Amherst, NY 14228.

14.      Upon information and belief MOELLER is an individual, Director of Corporate Compliance of ACI.  Individually, and within his capacity as Director of Corporate Compliance of ACI, MOELLER formulated, directed, and controlled the acts and practices of ACI, including the acts and practices alleged herein.  At all times, relevant to this complaint, Defendant MOELLER, individually and acting through ACI, has transacted business in this district.

15.      "Employees can be held personally liable under the FDCPA."  Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

16.      Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA."  Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C., 518 F.3d 433, 437-38 (6th Cir. 2008); del Campo v. Kennedy, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F.Supp.2d 615, 618-21 (D. Utah 2005); Albanese v. Portnoff Law Assocs., Ltd., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); Musso v. Seiders, 194 F.R.D. 43, 46-47 (D.Conn.1999); Brink Case 3:10-cv-08222-JAT   Document 1   Filed 11/15/10   Page 2 of 6Complaint - 3 v. First Credit Res., 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); Pikes v. Riddle, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); Ditty v. CheckRite, Ltd., 973 F. Supp. 1320, 1337-38 (D. Utah 1997);  Newman v. Checkrite Cal., Inc., 912 F. Supp. 1354, 1372 (E.D. Cal.1995); Teng v. Metro. Retail Recovery Inc., 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

17.     Upon information and belief Defendants ACI and MOELLER are debt collectors as the phrase is defined by the FDCPA § 1692a(6), and Cal. Civil Code § 1788.2(c).

## STATEMENT OF FACTS

18.     The alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by Cal. Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

19.     The Definition of "Debt" as an obligation for money, goods, insurance, or services for primarily personal, family, or household purposes, pursuant to15 U.S.C. § 1692a(5).

20.     Plaintiff current belief and position as to the validity of this alleged debt, is that the debt is non-existent.

21.     On or about August 19, 2011 Plaintiff received his credit report from a major CRA, TransUnion.  Plaintiff identified an entry in his TransUnion credit report that were unknown to him.  The entry onto Plaintiff consumer credit report was identified as being ACI, who obtained Plaintiff consumer report.

22.     Upon information and belief Plaintiff observing ACI on his consumer credit report, was in connection to collection an alleged obligation.

23.     In connection with the collection of an alleged debt, upon first opportunity Plaintiff timely notified Defendants  in writing within the thirty (30) day period as described in Section 809(a) of the FDCP A, 15 U.S.C. § 1692g(a) and § 1692g(b)., that the debt or any portion thereof is disputed, they are to cease collection activities until the debt is validated.

24.      Defendants has continued their attempt to collect from Plaintiff an alleged debt before **VALIDATION** requirement were met, in violation of Section 809(b) of the FDCPA 15 U.S.C. § 1692g(b).

25.     On or about September 9, 2011, Plaintiff sent a cease and desist and demand for **Validation** letter to ACI **Disputing** the alleged debt, by U.S. Postal Service Certified Mail/Return mail Receipt No. 7010 1670 0000 7427 0824.  Said letter was received by ACI on September 12, 2011, according to the PS form 3811, meeting the requirement of FDCPA 15 U.S.C. § 1692g(b).

26.     Defendants used instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debt, and/or regularly collects or

attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due by or to another person or entity.

27.     MOELLER mailed a notice to Plaintiff, the envelop was dated Sept. 13, 2011, attempting to collect an alleged debt, it provide in relevant parts: "This is an attempt to collect a debt and any information obtained will be used for that purpose". Said notice failed to validate the alleged debt, constitutes continued collection activity from a debt collector without validating the alleged debt, after **receiving VALIDATION notice from Plaintiff on September 12, 2011**, in violation of FDCPA 15 U.S.C. § 1692g(b).

28.     Defendants written communication dated Sept. 13, 2011, failed to include a total amount due, and how it may be determined if the demand for payment included add-on expenses like attorney fees or collection costs. Defendants hid the true character of the alleged debt, thereby impairing Plaintiff's ability to knowledgeably assess the validity of the alleged debt, in violation of the FDCPA, 15 U.S C. § 1692e.

29.     Discovery of the violation of FDCPA brought forth herein occurred on or about August of 2011 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1692k.*

30.     Upon inspection, information and belief, ACI obtained Plaintiff's consumer credit report of TransUnion on or about March of 2010, in violation of the FCRA *15 U.S.C. § 1681b.*

31.     Discovery of the violation of FCRA brought forth herein occurred on or about August of 2011 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1681p.*

32.     Plaintiff attempted every reasonable means to mitigate possible risks before bringing this suit to this honorable court.

33.     Plaintiff mailed a Notice of Pending Lawsuit, said notice was received by Defendants on Sept. 22, 2011, but the results were unresolved.

34.     Upon information and belief MOELLER, knew or should have known that the action of the people he oversees were in violation of 15 U.S.C. § 1692 et seq., Civil Code § 1788 et seq., and he is liable.

35.     As direct and proximate results of Defendants' violation of the state and federal laws, Plaintiff has suffered irreparable injury to her credit report, credit score, and

reputation in the public by their saying he does not pay his bills.  The Plaintiff has been denied credit, unable to refinance, suffers higher interest rates.

### Count I

### VIOLATION OF THE FCDPA 15 U.S.C. § 1692

### By Defendants ACI and MOELLER

36.     *Plaintiff re-alleges the allegation set forth in paragraphs 1-34.*

37.     The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a(3)

38.     Defendants are debt collectors as defined in 15 U.S.C. § 1692a(6)

39.     Defendants violated 15 U.S.C § 1692g, failure to send the consumer a 30-day validation notice within five days of the initial communication.  Plaintiff Demands the statutory amount of $ 1000.00.

40.     Defendants violated 15 U.S.C § 1692g(a)(3), must state Right to Dispute within 30 days.  Plaintiff Demands the statutory amount of $ 1000.00.

41.     Defendants violated 15 U.S.C § 1692e, by false, deceptive, or misleading representation or means in connection with the debt collection.  Plaintiff Demands the statutory amount of $ 1000.00.

42.     Defendants violated 15 U.S.C § 1692e(2)(A), the character, amount of the alleged debt.  Plaintiff Demands the statutory amount of $ 1000.00.

43.     Defendants violated 15 U.S.C § 1692e(10), by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.  Plaintiff Demands the statutory amount of $ 1000.00.

44.     Defendants violated 15 U.S.C § 1692f(1), unfair Practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  Plaintiff Demands the statutory amount of $ 1000.00.

45.     Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C § 1692(k).

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant individually, ACI and MOELLER, for actual or statutory damages in the amount of $6000.00, attorney's fees and cost, pursuant to 15 U.S.C. § 1692(k).

### Count II

## VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788 et seq.

### By ACI and MOELLER

46. *Plaintiff re-alleges the allegation set forth in paragraphs 1-34.*

47.     Pursuant to § 1788.2(C) the Defendants are debt collectors, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

48.     Defendants are subject to the Rosenthal Fair Debt Collection Act (Cal. Civil Code § 1788- § 1788.33 et. seq.)

49.     Defendants are liable for out-of-pocket expenses Plaintiff paid due to the violation(s).  If Plaintiff shows Defendants intentionally violated the law, Defendants must also pay up to $1000 for each violation, pursuant to § 1788.30(a.-g.).

50.     Defendants violated 15 U.S.C § 1692g, as incorporated by ROSENTHAL § 1788.17, Failure to send the consumer a 30-day validation notice within five days of the initial communication.  Plaintiff Demands the statutory amount of $ 1000.00.

51.     Defendants violated 15 U.S.C § 1692g(a)(3), as incorporated by ROSENTHAL § 1788.17, Must state Right to Dispute within 30 days.  Plaintiff Demands the statutory amount of $ 1000.00.

52.     Defendants violated 15 U.S.C § 1692e, as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation or means in connection with the debt collection.  Plaintiff Demands the statutory amount of $ 1000.00.

53.     Defendants violated 15 U.S.C § 1692e(2)(A), as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation of the amount of the alleged debt.  Plaintiff Demands the statutory amount of $ 1000.00.

54.     Defendants violated 15 U.S.C § 1692e(10), as incorporated by ROSENTHAL § 1788.17, by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.  Plaintiff Demands the statutory amount of $ 1000.00.

55.     Defendants violated 15 U.S.C § 1692f(1), as incorporated by ROSENTHAL § 1788.17,  unfair Practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  Plaintiff Demands the statutory amount of $ 1000.00.

56.    Defendants violated ROSENTHAL 1788.13(l) any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.  Plaintiff Demands the statutory amount of $ 1000.00.

57.    Defendants violated § 1788.17 of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

**WHEREFORE,** Plaintiff demands judgment against each and every Defendant individually, ACI and MOELLER, for actual or statutory damages in the amount of $7,000.00, attorney's fees and costs, pursuant to Cal. Civil Code § 1788.30(a), Cal. Civil Code § 1788.30(c) and any other relief that this Honorable Court deems appropriate.

## Count III
## VIOLATION OF THE FCRA 15 U.S.C. *§ 1681 et seq.*
## WILLFUL NON-COMPLIANCE
### By ACI

58.    *Plaintiff re-alleges the allegations set forth in paragraphs 1-34.*

59.    Plaintiff is a consumer as defined by FCRA 15 U.S.C. § 1681a(c).

60.    TransUnion is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).

61.    Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

62.    The FCRA, 15 U.S.C. § 1681b defines the permissible purpose(s) for which a person may obtain another person's consumer credit report.

63.    ACI is in violation of the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681b* by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that ACI obtained Plaintiff's credit report, **none of the** specific and strictly **limited circumstances granting permissible purpose under section 1681(b) applied to ACI.**

64.    At or about the time ACI obtained Plaintiff consumer credit report on March 2010:

65.    Plaintiff did not authorize consumer reporting agency TransUnion to furnish his consumer report to ACI.

66.    Plaintiff did not authorize ACI to obtain his consumer report from TransUnion.

67.     Plaintiff did not apply for any credit, loan, or services with ACI.

68.     Plaintiff did not have any contractual relationship for credit, loan, or services with ACI.

69.     Plaintiff did not owe any debt to ACI.

70.     Plaintiff did not owe any debt as the result of a judgment to ACI.

71.     Plaintiff did not apply for any employment with ACI.

72.     Plaintiff did not apply for any insurance from ACI.

73.     Plaintiff did not have any existing account or credit obligation with ACI.

74.     Plaintiff was not named as an "authorized user" on any account with ACI

75.     No court having jurisdiction issued any order to TransUnion to furnish Plaintiff's consumer report to ACI.

76.     Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through ACI.

77.     Plaintiff did not receive any "firm offer of credit or insurance" from ACI.

78.     The action of ACI obtaining the consumer credit report of the Plaintiff on March of 2010 with no permissible purpose or Plaintiff's consent, which was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against ACI for the statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as matter of law.

Date: February 13 2012

Deon L. Thomas, Plaintiff
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com

Name: Deon L. Thomas

Address: 14626 Red Gum st

Moreno Valley, CA 92555

Phone: (951) 413-9071

Fax: NO FAX

In Pro Per

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

FEB 2 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DEON L. THOMAS

                    Plaintiff

v.

AMERICAN CORADIUS INTERNATIONAL
LLC ; STEPHEN J. MOELLER

                    Defendant(s).

CASE NUMBER:

EDCV-11-1575 PSG (SPx)

PROPOSED ORDER TO FILE FIRST
AMENDED COMPLAINT

TITLE OF PLEADING

RECEIVED
BUT
NOT FILED

FEB 13 2012

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

It is so ordered that Plaintiff

MAY file First Amended Complaint.

It is so ordered:

_____                    _____
DATE                                        JUDGE

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT