Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, Pro Se'<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CORADIUS INTERNATIONAL, LLC<br><br>Defendant. | Case No.  11-CV-1575 PSG SPx<br><br>**JOINT RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN**<br><br>Scheduling Conference: 3/12/2012<br>Time:  2:00 p.m.<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez |

   Pursuant to Federal Rule of Civil Procedure Rule 26(f), the parties met and conferred telephonically on January 19, 2012, and submit the following Joint Rule 26(f) Report and Proposed Discovery Plan.

**A.    A short statement of claims, counterclaims, and affirmative defenses.**

Plaintiff Deon Thomas ("Plaintiff") alleges that Defendant American Coradius International, LLC ("Defendant") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*, by obtaining his credit report in March 2010 without a permissible purpose. Plaintiff alleges he is entitled to statutory damages, actual damages, attorneys fees and costs.

Defendant denies Plaintiff's allegations and contends it had a permissible purpose to make the credit inquiry because an account in plaintiff's name had been placed with Defendant for collection.

**B.    A brief description of the key legal issues.**

The single legal issue presented in this case is whether Defendant had a permissible purpose to obtain Plaintiff's credit report.

**C.    A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

Plaintiff reserves the right to file an amended complaint adding additional causes of action and other parties. Defendant reserves the right to oppose any motion for leave to amend filed by Plaintiff. Defendant does not anticipate filing an amended pleading adding other parties or moving to transfer venue. The parties propose that the deadline to amend the pleadings be June 4, 2012.

**D.    Insurance Coverage:**

Defendant maintains professional liability insurance and does not expect insurance coverage to impact this litigation.

**E.   A discussion of discovery and experts pursuant to Rule 26(f).**

The Parties agree to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints. The parties believe that any information pertaining to the communication between Plaintiff and Defendants, and each of them, both written and oral, will need to be discovered. The parties agree to limit the number of written discovery requests as set forth in the Federal Rules of Civil Procedure. The parties further agree to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

1) Plaintiff's discovery will be directed toward Defendant obtaining Plaintiff credit report. Plaintiff will also conduct discovery into Defendant's affirmative defenses. Plaintiff intends to conduct depositions and propound written discovery.

2) Defendant's discovery will be directed toward Plaintiff's allegations and damages. Defendant may take Plaintiff's deposition and will propound written discovery to Plaintiff.

3) Expert witness disclosures: The parties agree to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

4) Electronically stored information: The parties have not identified nor anticipate issues to arise relating to the identification, maintenance and production of electronically stored information. The parties agree to produce electronically stored information in hard copy form.

5) Discovery conducted thus far: The parties have not yet conducted discovery.

6) Discovery Limitations: None except as stated above. Defendant anticipates the need for a Stipulated Protective Order and Confidentiality Agreement as to any account notes or confidential and proprietary information requested in discovery.

**F.  A description of any issues which may be resolved by motions for summary judgment.**

Defendant believes that liability can be determined in a motion for summary judgment.

**G.  A brief description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.**

The parties have discussed settlement in good faith and were unable to reach an agreement. The parties consent to mediation through the Court's ADR program/mediator panel. The parties will be prepared for mediation in 90 days.

**H.  A realistic time estimate required for trial and whether it will jury or court.**

Plaintiff has requested a jury trial and anticipates a 2 or 3 day trial.

Defendant is not requesting a jury trial. Defendant anticipates a 1 day bench trial or 2 day jury trial if Plaintiff continues to request a jury trial.

**I.  Proposed dates.**

The parties have discussed and agreed on the following dates:

1) Fact discovery cut-off = September 14, 2012

2) Expert Witness Disclosure = August 30, 2012

3) Rebuttal Expert Witness Disclosure = September 21, 2012

4) Expert discovery cut-off = October 26, 2012

5) Motion hearing date cut-off = November 15, 2012

6) Pre-trial conference = November 30, 2012

7) Trial = December 28, 2012

**J.  Any other matters affecting the status of the case.**

None.

**K.  Disclosure By Corporate Parties**

Defendant filed the "Certification of Interested Entities or Persons" on December 6, 2011. As stated in the certification, Defendant believes that the following listed persons (i) have a financial interest in the subject matter in

controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could substantially be affected by the outcome of this proceeding: American Coradius International, LLC.

**L.   Patent Cases.**

Not applicable.

**M.   Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge for all purposes.

Respectfully submitted:

Date: 2-20-12

_____
Deon Thomas
Plaintiff in Pro Per

Dated: 2/17/12                SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
American Coradius International, LLC