Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
Dlthomas32@gmail.com
951-413-9071

FILED

2012 MAR -5  AM 11: 00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas
*Plaintiff*

V.

American Coradius International, LLC;

STEPHEN J. MOELLER,
individually and Director of
Corporate Compliance of American
Coradius International, LLC
*Defendants*

)
)
)
)
)
)
)
)
)
)
)
)

Case No: EDCV11-01575 PSG (SPx)

**PLAINTIFFS' REPLY TO DEFENDANT AMERICAN CORADIUS INTERNATIONAL, LLC OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**PLAINTIFFS' REPLY TO DEFENDANT AMERICAN CORADIUS INTERNATIONAL, LLC OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiff, move for an order granting leave to file its First Amended

Complaint in the above-captioned case.

The proposed First Amended Complaint, lodged concurrently herewith in compliance

with Local Rule 15-1should be granted and because Plaintiff is a pro se litigant.

# I. INTRODUCTION

The Court should grant Plaintiff's request for leave to amend complaint because Plaintiff meets the requirements under Fed. R. Civ. P. 15(a)(2) and because Plaintiff is a pro se litigant.  Plaintiff's First Amended Complaint, attached hereto as Exhibit A, adds factual allegations of violations committed by American Coradius International, (hereinafter "ACI" or "Defendants"), and STEPHEN J. MOELLER (hereinafter "MOELLER" or "Defendants"), to add one count for violation of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692 et seq., and add one count for violation of the California Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq., (hereinafter "ROSENTHAL"), relating to Plaintiff previously asserted claims.  The Plaintiff claims are based on information and belief that he has discovered since the filing of its original complaint.

Plaintiff's First Amended Complaint is timely, and does not cause any prejudice to Defendants, and causes of action are plausible on its face.  Though this case have not taken any discovery from each other, Defendants opposes the proposed First Amended Complaint on the grounds of futility, but to the contrary Plaintiff claims are viable claims, as shown in the First Amended Complaint.  Whether the First Amended complaint states a claim is best addressed through a motion to dismiss or a motion for summary judgment, if Defendants should choose to file one.  For these and other reason set forth below, the Court should grant the Plaintiff leave to file his First Amended Complaint.

# II. PROCEDURAL HISTORY

Plaintiff filed his initial lawsuit on October 11, 2011.  ACI answered Plaintiff's complaint on December 6, 2011.  The Plaintiff has reserved his rights to amend pleadings

and add parties, Defendant agreed during our meet and confer about case management on

January 19, 2012.  Plaintiff filed a Request for First Amended Complaint on February 13,

2012.  ACI file Opposition to Plaintiff First Amended Complaint on February 23, 2012.  The

Courts placed Notice of Discrepancies and Order-Rejecting Plaintiff First Amended

Complaint on February 23, 2012.  As of to date the courts has not ordered a cut-off to amend

pleadings and add parties.

### III. ARGUMENT

#### A.    FRCP 15(a) allows for the court to freely grant leave to amend the complaint where  justice so requires

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give

leave [to amend a complaint] when justice so requires". Fed. R. Civ. P. 15(a)(2). The

district court has the discretion to decide whether to grant Plaintiff leave to amend. See

*Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Jordan v. County of Los*

*Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810

(1982). In its exercise of this discretion, the court applies Rule 15 to "facilitate [a]

decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655

F.2d 977, 979 (9th Cir. 1981).

#### B.    The Court should apply the factors set forth in the Supreme Court's Foman decision in its determination of whether leave to amend should be granted

 Furthermore, the court interprets the language for granting amendments under Rule 15

with "extreme liberality." Id. A. Under the Ninth Circuit Standard Plaintiff Should Be

Granted Leave to Amend.  When deciding whether to grant leave to amend, a court must

consider: (1) whether the amendment was filed with undue delay; (2) whether the movant

has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 US 178, 182 (1962)). The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. *Eminence*, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. See also *Talwar v. Creative Labs, Inc.*, No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing). The Ninth Circuit has also held that one of the five *Foman* factors alone is not sufficient to justify the denial of a request for leave to amend. The Ninth Circuit has found that undue delay alone "is insufficient to justify denying a motion to amend" and has "reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

**C.    Upon *prima facie* showing by Plaintiff on grounds for the filing the First Amended Complaint, the burden shifts to Defendants**

///

PLAINTIFFS' REPLY TO DEFENDANT AMERICAN CORADIUS INTERNATIONAL OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

As a threshold matter, a party seeking leave to amend should state the grounds for the amendment, and the "justice so requires." *In re Circuit Breaker Litigation,* 175 F.R.D. at 550. The burden then shifts to the opposing party to show the court that justice requires denial, unless considerable time has passed between the filing of the original pleading and the motion to amend, in which case the burden remains with the movant to show a valid reason for the delay. *In re Circuit Breaker Litigation,* 175 F.R.D. at 550.

### D. The First Amended Complaint is timely and is not a result of undue delay; The proposed First Amended Complaint will not unduly prejudice Defendants

"Delay in bringing a motion to amend is relevant to the inquiry as to whether a trial court abuses its discretion in denying a motion for leave to amend." *In re Circuit Breaker Litigation,* 175 F.R.D. at 550 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d at 1079). "However, while undue delay is a valid reason for denying leave to amend, delay is usually not sufficient alone to deny a motion to amend." *In re Circuit Breaker Litigation,* 175 F.R.D. at 550 (citing *Contact Lumber Co. V.P.T. Moges Shipping Co. Ltd.,* 918 F,2d 1446, 1454 (9th Cir. 1990) and *Morongo Band of Mission Indians v. Rose*, 893 F.2d at 1079 ( internal quotation omitted)). Whether leave to amend would result in prejudice to the opposing party is "by far the most important and most common reason for upholding a district court's decision to deny leave to amend." *In re Circuit Breaker Litigation,* 175 F.R.D. at 550 at 551. See also *Howey v. United States, 481 F.2d 1187, 1190 (*9th Cir. 1973)(where there was not showing of prejudice, it was appropriate to grant leave to amend third party complaint five years after the third party complaint had been filed). The opposing party must show that the prejudice will be substantial. *Id* The need for additional discovery is insufficient by itself to deny a proposed amended

pleading *In re Circuit Breaker Litigation,* 175 F.R.D. at 551 (citing *U.S. v. Continental Ill. Nat'l Bank & Trust,* 889 F.2d 1248, 1255 (2nd Cir. 1989)).

Plaintiff's First Amendment will not unduly prejudice Defendants, and Defendant will not be able to show that the proposed amendments would impose any undue prejudice on them. Defendant have not commenced discovery, nor are they prevented from conducting discovery on the issues raised by the proposed First Amended Complaint. The First amendment would not unduly prejudice the Defendants, because the amendments would not cause delay, the parties have not had their Scheduled Case Management, which will be held on March 12, 2012. The Defendants knew Plaintiff intention to file amended complaint on Jan. 19, 2012, during our meet and confer for the Scheduling of Case Management Conference. Further, Defendants would not be unduly prejudice because the allegations does not go beyond the scope of the initial complaint.

**E.      Plaintiff's proposed amendments are not "futile"**

A proposed amendment "is futile only if no set of facts can be proved under the amendment that would constitute a valid claim." *In re Circuit Breaker Litigation,* 175 F.R.D. at 550; A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The proposed additional counts in the First Amended Complaint alleges that ACI and MOELLER continued collection activities after being notified of dispute of an alleged debt, in violation of FDCPA 15 U.S.C. § 1692g and ROSENTHAL. The counts are supported by written communications between the Plaintiff and Defendants. Plaintiff asserts allegations in his First Amended Complaint of false, deceptive, or misleading

representation or means in connection with the debt collection by Defendants, in violation of FDCPA 15 U.S.C. § 1692e.

These asserted violations supports Plaintiff's new claim under the FDCPA and Rosenthal as well as Plaintiff's assertion of additional details in support of its previously asserted claims. *See Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit"). ACI has never contacted Plaintiff at any time prior to Plaintiff observing them on his TranUnion credit report.  ACI went straight into Plaintiff's TransUnion credit report and never in the past requested payment from the Plaintiff nor sent him any collection letters to advise him of his rights and that he owes an alleged debt.  On August 19, 2011, Plaintiff's observation of the inquiry was the basis of this action, and was the initial communication from the Defendants, in an attempt to collect a non-existent debt from Plaintiff, according to FDCPA, 15 U.S C. § 1692g.  MOELLER mailed a notice to Plaintiff dated Sept. 13, 2011, attempting to collect an alleged debt, it provided in relevant parts: "This is an attempt to collect a debt and any information obtained will be used for that purpose."  Said notice failed to validate the alleged debt, and continued collection activity from a debt collector without properly validating the alleged debt, after receiving VALIDATION letter from Plaintiff on September 12, 2011, in violation of FDCPA, 15 U.S C. § 1692g(b). Said notice also failed to include a total amount due, and how it may be determined if the demand for payment included add-on expenses like attorney fees or collection cost.  Defendant hid the true character of the alleged debt, thereby impairing Plaintiff's ability to knowledgably assess the validity of the alleged

debt, in violation of the FDCPA, 15 U.S C. § 1692e. Plaintiff asserted claim under the statute of limitation had not run out, according to FDCPA, 15 U.S C. § 1692k(d); and Cal. Civil Code 1788.30(f). The statute of limitations for claims brought under the FDCPA and ROSENTHAL is one year, and begins to run from the date of the debt collector's last opportunity to comply with the Act. FDCPA, 15 U.S C. § 1692k(d) and ROSENTHAL Cal. Civil Code 1788.30(f) ; see *Pererson v. Portfolio Recovery Assocs.,LLC* 2011 U.S. App. LEXIS 11453, *8 (3d Cir. June 6, 2011)( citing Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997)( quoting *Mattson v. U.S. West Comme'ns,.* 967 F.2d 259, 261 (8th Cir. 1992)). On August 19, 2011, Plaintiff's observation of the inquiry in his TransUnion credit report was the basis of this action, and was the initial communication from the Defendants, in an attempt to collect a non-existent debt from Plaintiff. MOELLER subsequent mailed notice to Plaintiff dated Sept. 13, 2011, Said notice failed to validate the alleged debt, and constitute continued collection activity from a debt collector without properly validating the alleged debt, after receiving VALIDATION letter from Plaintiff on September 12, 2011.

**F.    Plaintiff Is a Pro Se Litigant and Should Be Granted Leave to Amend**

Courts give special consideration to pro se litigants requesting leave to amend a complaint. "Courts are particularly reluctant to deny leave to amend to pro se litigants." Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002). In particular, unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to denial of the action." Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

///

**IV. CONCLUSION**

The parties are scheduled for the Scheduling and Case Management on March 12, 2012

from the time the original complaint was filed on October 11, 2011,  the court cannot say

that there has been "undue delay" by plaintiffs in seeking leave to file their proposed First

Amended Complaint. Nor is there any indication that plaintiffs, who are appearing *pro

se,* have made the request for leave to amend in bad faith. Further, the court cannot say at

this time that amendment would be futile, and any arguments defendants have made

about futility can presumably be made in a motion to dismiss plaintiffs' First Amended

Complaint. Moreover, the burden of showing prejudice is upon the party opposing the

amendment and Defendants have not carried that burden in this claim. Based on the

above reasons, this Court should grant Plaintiff's motion.

Date: March __5__ 2012

Deon L. Thomas, Plaintiff
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com

## CERTIFICATE OF SERVICE

I, Deon L. Thomas ("Plaintiff"), do hereby certify that on March 5, 2012, a copy of the foregoing document was sent via U.S Mail to:

Session, Fishman, Nathan & Israel, LLC
Attn: Debbie Kirkpatrick
1545 Hotel Circle South, Suite 150
San Diego, CA 92108


Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com
951-413-9071