Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, Pro Se, | Case No.  11-CV-1575 PSG SPx |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AMERICAN CORADIUS INTERNATIONAL, LLC |
| AMERICAN CORADIUS INTERNATIONAL, LLC, | |
| Defendant. | DATE:  October 22, 2012 TIME:  1:30 p.m. PLACE:  Courtroom 880 - Roybal JUDGE: Hon. Philip S. Gutierrez |

Defendant, American Coradius International, LLC ("ACI"), submits this

memorandum in support of its Motion for Summary Judgment.  The Court should

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

1

dismiss the claims asserted by plaintiff, Deon Thomas, because there is no dispute of material fact and ACI is entitled to judgment in its favor as a matter of law.

## I. INTRODUCTION

ACI is a debt collection company.  Plaintiff asserts two causes of action against ACI under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*: Count 1 alleges a willful violation of the FCRA and Count 2 alleges a negligent violation of the statute.  Plaintiff's claim is based on the contention that on August 19, 2011 he discovered ACI had made an impermissible inquiry on his credit report on March 8, 2010.[1]  No other debt collection activity or basis for an FCRA violation is alleged in Plaintiff's complaint.  The complaint must be dismissed because ACI had a permissible purpose under the FCRA to make the credit inquiry at issue.

## II. SUMMARY JUDGMENT STANDARD

The purpose of the summary judgment rule is to dispose of factually unsupported claims.  Summary judgment is appropriate if the record, read in the light most favorable to the nonmoving party, shows "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed.

---

[1]    *See* Docket No. 4, Complaint, ¶ 9-10.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

2

R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).  A dispute of material fact is "genuine" only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 805-06 *citing Celotex,* 477 U.S. at 322 (1999).

### III. PROCEDURAL HISTORY

Plaintiff's Complaint was filed on October 11, 2011.[2]  On December 6, 2011 ACI filed an answer to the complaint, denying all claims.[3]   ACI is the only defendant named in this action.   On April 13, 2012, Plaintiff filed a related complaint against ACI and Stephen Moeller, ACI's Director of Compliance, designated as Case No. 12-CV-3548-PSG-SPx.  A motion for summary judgment in the related action is being filed concurrently.

---

[2] *See* Docket No. 4, Complaint.
[3] *See* Docket No. 9, Answer.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

3

## IV. SUMMARY OF UNDISPUTED FACTS

An account in Plaintiff's name was placed with ACI for collection on March 8, 2010 by Systems & Services Technologies, Inc. ("SST").[4] ACI made an inquiry on Plaintiff's credit report on or about March 8, 2010 in connection with collection of the account.[5] Thereafter, ACI undertook efforts to collect the debt in the ordinary course of business until September 12, 2010, at which point the account was recalled from ACI by SST.[6] ACI undertook no further efforts to collect the debt after September 12, 2010.[7]

## V. LAW AND ARGUMENT

Plaintiff asserts that ACI violated § 1681b of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FDCPA") by obtaining his credit report.[8] Section 1681b(a) expressly allows a credit bureau to provide a consumer's credit report to a third party under certain circumstances. These "permissible purposes" include, *inter alia*, providing a consumer report to a person the credit bureau has reason to believe "intends to use the information in connection with a credit transaction

---

[4] *See* Declaration of Stephen J. Moeller ("Moeller Decl."), ¶ 4, filed herewith.
[5] *See* Moeller Decl., ¶ 5.
[6] *See* Moeller Decl., ¶ 6.
[7] *See* Moeller Decl., ¶ 7.
[8] *See* Docket No. 4, Complaint, ¶ 24.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

4

involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account* of, the consumer." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

ACI is a collection agency. Plaintiff's account was placed with ACI for collection. ACI obtained Plaintiff's credit report in connection with its efforts to collect the account. ACI's act of obtaining Plaintiff's credit report therefore falls squarely within a permissible purpose provided by § 1681b. *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3rd Cir. 2011); *Edge v. Prof'l Claims Bureau, Inc.,* 64 F. Supp. 2d 115, 118 (E.D. N.Y. 1999), *aff'd*, 234 F.3d 1261 (2nd Cir. 2000); *Rodriguez v. Cavalry Portfolio Services, LLC*, 2012 WL 726474 at *1 (S.D. Cal. Mar. 6, 2012).

Plaintiff cannot establish a claim under the FCRA because ACI had a permissible purpose to make an inquiry on his credit report. Plaintiff's complaint should therefore be dismissed with prejudice.

///

///

///

///

///

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

5

# VI. CONCLUSION

Considering the foregoing, the Court should grant ACI's Motion for Summary Judgment and dismiss plaintiff's Complaint with prejudice.

Respectfully submitted,

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

Dated: August 28, 2012          _/s/Debbie P. Kirkpatrick_____
                                Debbie P. Kirkpatrick,
                                Attorney for Defendant
                                American Coradius International, LLC

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

6